IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BECK INDUSTRIES, LLC, et al.,    ) | CASE NO. 1:24-CV-00669 |
| ) | |
| Plaintiffs,    ) | JUDGE DONALD C. NUGENT |
| ) | |
| v.    ) | |
| ) | |
| FORD MOTOR COMPANY,    ) | MEMORANDUM OF OPINION |
| ) | AND ORDER VACATING THE |
| Defendant.    ) | COURT'S MARGIN ENTRY ORDER |
| ) | OF APRIL 24, 2025 DENYING |
| ) | PLAINTIFFS' MOTION TO |
| ) | RECONVENE RULE 30(b)(6) |
| ) | DEPOSITION OF DEFENDANT |
| ) | FORD MOTOR COMPANY (ECF #44) |
| ) | AND GRANTING PLAINTIFFS' |
| ) | MOTION TO THE EXTENT |
| ) | FURTHER CORPORATE PARTY |
| ) | TESTIMONY MAY BE REQUIRED |

On March 21, 2025, Plaintiffs Beck Industries, LLC and Stephanie Smith (collectively "Plaintiffs"), filed *Plaintiffs' Motion to Reconvene Deposition of Defendant Ford Motor Company* (ECF #34). Defendant Ford Motor Company filed a *Response in Opposition to Plaintiffs' Motion* (ECF #37) on April 3, 2025. Plaintiffs filed a *Reply in Support of Motion* (ECF #40) on April 10, 2025.

On April 24, 2025, the Court denied Plaintiffs' motion, per *Marginal Entry Order* dated April 24, 2025 (ECF #44), based on representations made at a telephonic status conference with

all parties held earlier that day:

> ***Telephonic status conference held with all counsel participating. Discovery dispute – It appears that Defendant disclosed requested information after original 5½ hour 30(b)(6) deposition.***
>
> ***Any party granted leave to file dispositive motions by 6/2/25; response due 7/7/25; reply, if any 7/21/25.***
>
> ***Trial, if necessary, 9/29/25 @ 8:30 am.***
>
> ***Final status on 8/12/25 @ 8:45 am.***

(ECF #43, *Minutes of Proceedings*).

On further consideration, the Court vacates its entry of April 24, 2025 (ECF #44) denying by margin entry *Plaintiffs' Motion to Reconvene Deposition of Defendant Ford Motor Company* (ECF #34), and, instead, shall GRANT Plaintiffs' *Motion to Reconvene **insofar*** as there *may* remain any true need for Defendant Ford Motor Company's corporate deposition on any outstanding issues in the case. By this ruling, the Court directs the Plaintiffs to seriously consider, in light of the discovery produced by Ford Motor Company since the January 15, 2025 deposition of Ford Motor Company's Rule 30(b)(6) witness, whether any such reconvened deposition is *truly* necessary to proceed in the case, as it appears that the information Plaintiff seeks has since been produced by corporate Defendant Ford Motor Company.

## I. FACTUAL BACKGROUND

On January 6, 2025, Plaintiffs, pursuant to Federal Rule of Civil Procedure 30(b)(6), served on Defendant Ford Motor Company *Plaintiffs' Notice of Deposition of Defendant Ford Motor Company* (ECF #30-1, attached as Exhibit 1 to *Plaintiffs' Motion for Extension of Time to Complete Fact Discovery*). The Rule 30(b)6) notice identified 19 topics for examination of Ford

Motor Company's corporate witness(es). (*See* ECF #30-1, PageID #285-#287). Thereafter, Ford Motor Company designated Ryan Adkins, the Vehicle Evaluation Manager at Ford Motor Company's Ohio Assembly Plant, as its corporate representative for all 19 topics. (ECF #34-1, *Deposition of Ford Motor 30(b)(6) Representative Ryan Adkins*, pp. 6-7, PageID #348-#349).

Between January 6, 2025 (the date of the *Notice of Deposition*) and January 15, 2025 (the date of Ford Motor Company's Rule 30(b)(6) deposition), Ford Motor Company did not identify any objection to the topics identified in the *Notice of Deposition* or file any motion for protective order. (ECF #34, p. 2, PageID #335). Instead, after the deposition had commenced, Ford Motor Company's counsel stated that Ford Motor Company did not prepare its corporate witness, Mr. Adkins, to testify regarding topics 12, 13, 16, and 17, as identified in the *Notice*:

> Q: [Directed to Mr. Adkins] And you're prepared to testify regarding those topics [the 19 topics listed as Exhibit A to the Rule 30(b)6) notice]?
>
> A: [Mr. Adkins] Absolutely.
>
> MR. SLATER [Counsel for Ford Motor Company]: Actually, I just want to clarify one thing. Topics 12, 13, 16, and 17, we did not prepare this witness on those topics. They're just too broad to reasonably prepare any corporate rep for those topics.

(ECF #34-1, *Deposition of Ford Motor 30(b)(6) Representative Ryan Adkins*, pp. 6-7, PageID #348-#349) (inserts supplied). Later, an issue arose regarding whether Mr. Adkins was prepared to testify as to topic 19 as well. (ECF #34-1, pp. 128-137, PageID #353-#362).

At the close of the deposition, Plaintiffs' counsel concluded questioning by stating on the record that the Rule 30(b)(6) deposition was left "open" as to topics 12, 13, 16, 17, and 19. (ECF #34-1, p. 217, PageID #366), a statement with which counsel for Ford Motor Company disagreed. (*Id.*).

Since that time, Plaintiffs admit that "significant additional discovery [has taken] place." (ECF #34, *Plaintiffs' Motion to Reconvene Deposition of Defendant Ford Motor Company*, p. 3, PageID #336).

## II. LEGAL ANALYSIS

Federal Rule of Civil Procedure 30(b)(6) provides:

**Notice or Subpoena Directed to an Organization.** In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. Before or promptly after the notice or subpoena is served, the serving party and the organization must confer in good faith about the matters for examination. A subpoena must advise a nonparty organization of its duty to confer with the serving party and to designate each person who will testify. The persons designated must testify about information known or reasonably available to the organization. This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.

FED. R. CIV. P. 30(b)(6).

"As a general rule, a party or person must seek a protective order from the court under Rule 26(c) if he [or she] desires not to appear or respond to a discovery request." *Evenflo Co. v. Hantec Agents Ltd.*, No. 3:05-CV-346, 2006 U.S. Dist. LEXIS 56269, at *9 (S.D. Ohio Aug. 2, 2006) (quoting *In re Air Crash Disaster*, 130 F.R.D. 627, 630 (E.D. Mich. 1989)). There is no dispute that Ford Motor Company did not file any motion for protective order prior to its Rule 30(b)(6) deposition to limit the topics of the requested deposition testimony or to otherwise note its objection to any of the topics listed in the notice of deposition. Instead, it first made its objections known during its corporate witness's deposition, while noting its witness's unpreparedness to discuss certain subjects identified in the notice of deposition at the same time.

Such is not the appropriate procedure for seeking in good faith to limit the subjects to be addressed at a Rule 30(b)(6) deposition. *See, e.g., Beach Mart, Inc. v. L&L Wings, Inc.*, No. 2:11-CV-00044-F, 302 F.R.D. 396, 406 (E.D. Mich. 1989) ("The proper procedure to object to a Rule 30(b)(6) deposition notice is not to serve objections on the opposing party, but to move for a protective order. Put simply and clearly, absent agreement, a party who for one reason or another does not wish to comply with a notice of deposition must seek a protective order.'" Once the deposition notice is served, the corporation bears the burden of demonstrating *to the court* that the notice is objectionable or insufficient. If the corporation makes no such showing, the corporation must produce a witness prepared to testify to the subject matter described in the notice. The corporation cannot make its objections and then provide a witness that will testify only within the scope of its objections.") (citation and quotation references omitted); *see also Escano v. RCI, LLC*, No. 2:22-360, 2024 U.S. Dist. LEXIS 36641 (D.N.M. March 1, 2024) ("[I]nadequate preparation of a Rule 30(b)(6) deposition is likewise not excused by objections unaccompanied by a protective order."); *Orchestrate HR, Inc. v. Blue Cross & Blue Shield of Kan., Inc.*, No. 19-4007-DDC (D. Kan. Feb. 28, 2023) ("As a threshold matter, the court need not rule on plaintiffs' 'objections' to defendant's Notice of Deposition. A party noticed under Fed. R. Civ. P. 30(b)(6) cannot avoid its obligation to produce a witness on a topic designated in the notice of deposition by objecting to it. Instead, when the responding party claims the notice improperly designates topics for testimony, requesting a protective order represents a proper method of response.").

Courts recognize that a corporation's producing of an unprepared corporate witness is the same as producing no witness at all, and can be taken as a discovery violation. *See, e.g., Suri v.*

*Equifax Info. Servs., LLC*, No. 21-10866, 2022 U.S. Dist. LEXIS 83442, at *8 (E.D. Mich. May 9, 2022) ("If a Rule 30(b)(6) deponent is unprepared to answer questions regarding the topics in the deposition notice, it is as if the witness failed to appear for the deposition at all, and sanctions may be appropriate under Fed. R. Civ. P. 37(d).") (citation and quotation references omitted); *Wicker v. Lawless*, No. 1:15-CV-00237, 278 F. Supp. 3d 989, 1000 (S.D. Ohio 2017) (same); *see also United States ex rel Fry v. Health Alliance of Greater Cincinnati*, No. 1:03-CV-167, 2009 U.S. Dist. LEXIS 122533 (S.D. Ohio Nov. 20, 2009) ("Fed. R. Civ. P. 37(d)(2), . . . clearly states that '"[a] failure [to attend a properly noticed deposition] is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c))."') (inserts in original).  Here, Plaintiffs have not moved for any sanction under Rule 37(d), nor does the Court, considering the full history of this dispute as discussed at the recent status conference, find that any is appropriate.

The Court further notes that it is not a defense to a corporate party's failure to produce a witness to testify on the subjects identified in a notice of deposition under Rule 30(b)(6) that the information sought is available from fact witnesses:

> Multiple courts have rejected the "argument that prior deposition testimony from individual fact witnesses relieves a corporation from designating a corporate spokesperson in response to a Rule 30(b)(6) notice of deposition." *Smith* [*v. General Mills, Inc.*, No. C2 04-705], 2006 U.S. Dist. LEXIS 19093 [, at *15], 2006 WL 7276959, at *5 [(S.D. Ohio Apr. 13, 2006)].  For example, in *Smith*, the defendant argued a Rule 30(b)(6) deposition was duplicative because the opposing party had noticed the depositions of fourteen fact witnesses who were the only people with relevant knowledge regarding the litigation.  2006 U.S. Dist. LEXIS 19093 [, at *13-*14], [2006 WL 7276959], at *4-*5.  The court found the defendant's argument unpersuasive because, unlike regular fact witnesses, Rule 30(b)(6) witnesses bind the entity that they are representing and are responsible for providing all of the relevant information known or reasonably known to the entity.

*White v. City of Cleveland*, 417 F. Supp. 3d 896, 909 (N.D. Ohio 2019) (inserts supplied).

Nor is it a defense that the information sought may be better obtained through other means of discovery. *See, e.g., United States ex rel Fry*, 2009 U.S. Dist. LEXIS 122533, at *10-*11 ("[T]he United States offered to provide responses to the topics Defendants included in their 30(b)(6) request as if those topics were served on the government in interrogatory form. However, Defendants are "'not precluded from conducting oral depositions merely because plaintiff considers them less than the optimal means of securing information.'" . . . . Parties "'are entitled to test [assertions] in questioning witnesses during depositions.'" and "'[i]t is fundamental that parties may simultaneously utilize any or all of the discovery mechanisms authorized by the rules.'") (insert in original).

Nevertheless, a court may, in its discretion, and upon the filing of a proper motion for protective order, narrow or limit the scope of a topic that may be overbroad, or on which the corporate organization has otherwise provided its own response. *See, e.g., Majestic Bldg. Maint., Inc. v. Huntington Bancshares, Inc.*, No. 2:15-CV-3023, 2018 U.S. Dist. LEXIS 114267, at *36 (S.D. Ohio July 10, 2018) ("There are circumstances, however, when a "'party may . . . successfully argue that all or a portion of the subject matter of such a [Rule 30(b)(6)] deposition has already been addressed and that prior depositions may be deemed to be the organization's response.'") (insert supplied); *Burd v. Ford Motor Co.*, No. 3:13-CV-20976, 2015 U.S. Dist. LEXIS 88518, at *29-*30 (S.D. W. Va. July 8, 2015) (limiting required testimony on prior litigation to only that related to prior lawsuits on the specific vehicle system alleged to be at issue in the present lawsuit). The directions of this order seek to obviate any need for the later filing of any discovery motions related to the Rule 30(b)(6) deposition dispute.

It is also proper for a court to take into consideration the events that have occurred since the date of a discovery dispute over the scope of a Rule 30(b)(6) deposition, and to direct the issuing party to reexamine which issues, if any, remain on which corporate witness testimony is truly needed, and to direct the noticing party to schedule any further Rule 30(b)(6) deposition to allow for the parties to meet and confer over the subjects to be addressed in an effort to obviate any need for further motion practice. *See, e.g.*, *New England Carpenters Healthy Benefits Fund v. First Databank, Inc.*, 242 F.R.D. 164, 166 (D. Mass. 2007) ("Thus, [the corporate defendant] shall be required to make its 30(b)(6) witness available. However, since a lot of water has gone under the bridge since the motion to compel was first filed, the Court directs that the plaintiffs reserve a 30(b)(6) notice upon [the corporate defendant] more specifically setting forth the areas of inquiry in which information is sought in light of what has been produced to date. The notice shall set forth a date for the deposition which is no less than twenty-one working days after the date of the notice.").

### III. <u>CONCLUSION</u>

Accordingly, the Court vacates its entry of April 24, 2025 (ECF #44) denying by margin entry *Plaintiffs' Motion to Reconvene Deposition of Defendant Ford Motor Company* (ECF #34), and, instead, GRANTS Plaintiffs' *Motion to Reconvene **insofar*** as there *may* remain any true need for Defendant Ford Motor Company's corporate deposition on any outstanding issues in the case.

Plaintiffs are ordered to file a new notice of Rule 30(b)(6) deposition to Defendant Ford Motor Company, keeping in mind any other written discovery or deposition testimony it may have already obtained from other sources and other discovery which has been produced by Ford

-8-

Motor Company subsequent to the January 15, 2025 deposition of Ford Motor Company's corporate witness, in an effort toward identifying those issues on which Plaintiffs believe that Ford Motor Company's corporate witness testimony is still truly and actually needed.

The Court further orders that, before any such reconvened Rule 30(b)(6) deposition is scheduled and noticed, the parties shall meet and confer in good faith in an effort to determine precisely those issues on which Defendant Ford Motor Company's corporate testimony may still be needed.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: May 1, 2025